Hess v EDR Assets LLC (2021 NY Slip Op 06920)





Hess v EDR Assets LLC


2021 NY Slip Op 06920


Decided on December 09, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 09, 2021

Before: Kapnick, J.P., Moulton, González, Rodriguez, Pitt, JJ. 


Index No. 160494/17 Appeal No. 14817 Case No. 2021-01276 

[*1]Michele E. Hess et al., Plaintiffs-Respondents,
v
EDR Assets LLC, et al., Defendants-Appellants. [And Another Action]


Kucker Marino Winiarsky & Bittens, LLP, New York (Nativ Winiarsky of counsel), for appellants.
Newman Ferrara LLP, New York (Roger A. Sachar of counsel), for respondents.



Order, Supreme Court, New York County (Frank P. Nervo, J.), entered March 10, 2021, which granted plaintiffs' motion to certify this matter as a class action, unanimously affirmed, with costs.
We decline to consider defendants' argument that, as a matter of law, they did not engage in a fraudulent scheme to deregulate units because they merely delayed in re-registering the units after the Court of Appeals decided Roberts v Tishman Speyer Props., L.P. (13 NY3d 270 [2009]), as this argument presents factual issues that were not submitted to the motion court (see Mable v 384 E. Assoc., LLC, 175 AD3d 1127, 1129 [1st Dept 2019]).
To the extent that the record permits review, we reject defendants' argument on the merits. Plaintiffs assert that defendants, while enjoying J-51 tax benefits, failed to re-register the units until years after Roberts was decided and applied retroactively, waited over a year to re-register units after being notified by DHCR that they had to do so, took steps to comply only after their scheme was uncovered, and continued to inform tenants that the units were not subject to regulation even after DHCR notified them otherwise. Contrary to defendants' contention, plaintiffs have alleged more than a mere delay in re-registering units, and their allegations, if proven, may support application of the default formula (see Montera v KMR Amsterdam LLC, 193 AD3d 102, 105-109 [1st Dept 2021]; Nolte v Bridgestone Assoc. LLC, 167 AD3d 498, 498-499 [1st Dept 2018]). The case of Gridley v Turnbury Vil. (196 AD3d 95 [2d Dept 2021]) is inapposite.
We have considered defendants' remaining arguments and find them unavailing. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 9, 2021